```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JUAN CARLOS GARCIA-ROMAN,**

            **Plaintiff,**

      **v.**                             **CASE NO.  12-3078-SAC**

**GREAT BEND**
**POLICE DEPARTMENT,**

            **Defendant.**

## MEMORANDUM AND ORDER

This civil complaint was filed pursuant to 42 U.S.C. § 1983 by Juan Carlos Garcia, an inmate of the Dalby Correctional Facility, Post, Texas.[1] Mr. Garcia seeks an order requiring the Great Bend Police Department (GBPD) or its unknown arresting officer to release his "weapon" that was seized upon his arrest. Plaintiff is required to satisfy the filing fee and to show cause why this action should not be dismissed for failure to state a federal constitutional violation and as time-barred.

---

[1] Plaintiff has recently filed four civil complaints in this court. In three he refers to himself as Garcia Roman, but in the fourth he calls himself Garcia. In his 2007 criminal case he is referred to as Garcia, while in his 2010 case he is referred to as Garcia Roman. The clerk is directed to list all these cases under both names to ensure accuracy of records relating to this person. The court refers to plaintiff as Mr. Garcia in his currently pending cases. In his petition to enter plea, Mr. Garcia stated that his "full true name is Juan Carlos Garcia." U.S. v. Garcia, 47-40069-01-SAC (Doc. 87)(D.Kan. February 20, 2008).

1

**FILING FEE**

The statutory fee for filing a civil action in federal court is $350.00.  Mr. Garcia has not paid this fee.  Nor has he submitted a motion for leave to proceed without prepayment of fees. This action may not proceed unless and until plaintiff satisfies the statutory filing fee in one of these two ways.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion together with an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  The clerk shall be directed to provide forms for filing a proper motion under § 1915, and plaintiff is required to utilize these forms if he submits such a motion.  If plaintiff does not satisfy the filing fee by either paying the full amount or submitting a properly supported motion within the time prescribed by the court, this action may be dismissed without prejudice and without further notice.

Mr. Garcia is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full $350 fee. Instead, it merely entitles him to pay the fee over time through

payments automatically deducted from his inmate trust fund account as authorized by § 1915(b)(2).[2] The filing fee of $350.00 must be paid for each action filed.

**FACTUAL BACKGROUND AND CLAIMS**

The following allegations by plaintiff do not present a clear factual background for this complaint. On November 30, 2006, he was arrested by an unknown officer of the GBPD. "There was not formally charge (sic)," and on November 27, 2006, he was "acquitted under the grounds of insufficiency (sic) of evidence." The GBPD "failed to pursue forfeiture proceedings on it." However, plaintiff also alleges that his weapon was "unlawfully forfeited" after "dismissal of (his) criminal charges." He asks the court to order "Great Bend" to release his weapon and pay for this civil action as well as attorney fees.

In response to the question on his form complaint regarding previous lawsuits and administrative remedies, plaintiff alleges that he has not begun other lawsuits in state or federal court dealing with the same facts, but has written "several letters" to the GBPD requesting release of his weapon after he discovered their failure to release it. He does not exhibit these letters, or any

---

[2] If plaintiff files a motion for leave to proceed without prepayment of fees that is granted, then the Finance Office of the facility where he is currently confined will be authorized pursuant to § 1915(b)(2) to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

response he may have received.

**SCREENING**

Because Mr. Garcia is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007). To avoid dismissal,

the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 555, 570 (citation omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555.

The court must always assure itself of its jurisdiction. See Image Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006)(stating that a federal court has an independent obligation to determine whether subject matter jurisdiction exists and may raise the issue at any stage in the litigation).

Having screened the complaint, the court finds it is subject to being dismissed for reasons that follow.

**DISCUSSION**

At the outset, the court finds that it appears from the face of the complaint that this claim is barred by the applicable two-year statute of limitations. Plaintiff alleges that his weapon was taken in 2006. The instant complaint was not filed within 2 years of the accrual of plaintiff's cause of action. Instead, it was filed 6 years after the alleged taking. Plaintiff alleges that he sought return of the weapon once he learned it had not been returned. However, he provides no dates or reasons why he was

unaware that his weapon was not returned. He certainly does not allege sufficient facts to establish that he is entitled to years of tolling of the statute of limitations. See Stone v. Whitman, 324 Fed.Appx. 726, 728 (10th Cir. 2009).

In addition, plaintiff fails to allege facts sufficient to support a claim of federal constitutional violation. Without a doubt, a law enforcement officer may constitutionally seize a weapon found in the possession of a person at the time of his arrest. Knowles v. Iowa, 525 U.S. 113 (1998); see also U.S. v. Thomson, 354 F.3d 1197, 1200 (10th Cir. 2003); Palmer v. Unified Government of Wyandotte County/Kansas City, Kansas, 72 F.Supp.2d 1237, 1249 (D.Kan. 1999). Generally, once criminal proceedings are concluded seized property that belongs to the defendant and may rightfully be possessed by him is returned.[3] However, even if the court accepts as true plaintiff's allegations that his weapon has been unlawfully retained, he fails to state a claim of constitutional violation. Id. at 1249.

Plaintiff does not refer to any federal constitutional right and assert that it was violated by defendant. His allegations of a loss of personal property, might be liberally viewed as a claim

---

[3] Pursuant to K.S.A. § 22-2512(1), "[p]roperty seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same unless otherwise directed by the magistrate, and shall be so kept as long as necessary for the purpose of being produced as evidence on any trial." Plaintiff does not allege facts from which it can be determined that this weapon was being held as evidence or simply for the obvious reason that a detainee is not allowed to possess a weapon while in jail.

of deprivation of property without due process.  However, Mr. Garcia does not allege that he has filed any motion in the appropriate state district court regarding his weapon.[4]  Such a motion was the first step he should have taken to seek return of seized property.[5]  If he filed a motion that was denied, and simply disagrees with the ruling of the state court, his recourse was to appeal the district court's ruling to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court.

If Mr. Garcia is suggesting that his weapon was improperly retained by the arresting officer or some other employee of the GBPD acting outside valid state or county process, then he does not allege sufficient factual allegations in support.  Furthermore, such a claim would clearly involve the sort of random taking of Mr. Garcia's property, for which pre-deprivation due process is impracticable.  It follows that his recourse would be the post-deprivation remedies that are available in the state court.[6]

---

[4]   Nor does plaintiff allege facts showing that he had the legal right to possess this weapon after this arrest.  The court notes from plaintiff's four pending cases that Mr. Garcia faced various state and federal criminal charges in 2006 and 2007 and was ordered deported.  Federal law bars illegal immigrants from possessing firearms.  See U.S. v. Huitron-Guizar, ___F.3d __, 2012 WL 1573565 (10th Cir. 2012).

[5]   In federal court, a defendant may file a motion pursuant to Fed.R.Crim.P. Rule 41(g) for return of property seized in a criminal case.  Plaintiff filed such a motion in a federal case.  Many states have provisions comparable to Rule 41(g).

[6]   As Mr. Garcia was informed in his other pending cases, when a plaintiff alleges deprivation of a property interest occurring as a result of "a random, unauthorized act," the Fourteenth Amendment's due process requirement is satisfied if the state provides an adequate post-deprivation remedy.  Parratt v. Taylor, 451 U.S. 527, 541-43 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 330 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984);

7

It also follows that Mr. Garcia fails to state a federal constitutional claim. Due process is not violated unless and until the State fails to provide adequate post-deprivation remedies for an illegal taking of property. Here, plaintiff states that he has not pursued any state remedies to recover his weapon. Thus, he cannot show that such remedies have been inadequate.

The court concludes that plaintiff's complaint does not include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. Plaintiff is given time to show cause why this action should not be dismissed as time-barred and for failure to state a cognizable claim under 42 U.S.C. § 1983. If he fails to show cause within the time allotted, this action will be dismissed under 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). It will therefore count as a "prior occasion" or strike under 28 U.S.C. § 1915(g).[7]

---

Zinermon v. Burch, 494 U.S. 113, 128 ("Parratt and Hudson represent a special case . . . in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide.").

[7] Section 1915(g) of 28 U.S.C. provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Should Mr. Garcia acquire three strikes, he will be required to "pay up front for the privilege of filing . . . any additional civil actions" in federal court unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days to satisfy the filing fee herein by either paying the $350.00 fee in full or submitting a properly supported motion to proceed without prepayment of fees upon court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein including failure to state a claim.

The clerk is directed to send plaintiff forms for filing a motion to proceed without prepayment of fees together with a copy of this Order.

The clerk is also directed, if appropriate, to record this case as filed by a party named Garcia as well as Garcia-Roman.

**IT IS SO ORDERED.**

Dated this 1st day of June, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge